UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN A. HAWKINS,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Petitioner,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　)　　　　CAUSE　NO. 3:17-cv-668-RLM-MGG
　　　　　　　　　　　　　　　　　)
SUPERINTENDENT,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Respondent.　　　　　　　　)

OPINION AND ORDER

John Hawkins, a prisoner without a lawyer, filed a habeas corpus petition challenging the prison disciplinary hearing (ISP 17-05-287) where a Disciplinary Hearing Officer found him guilty of assault/battery in violation of Indiana Department of Correction policy B-212. He was sanctioned with the loss of 60 days earned credit time and was demoted from Credit Class 1 to Credit Class 2. Mr. Hawkins identifies three grounds that he claims entitle him to habeas corpus relief.

In Ground One, Mr. Hawkins claims that the hearing officer failed to properly consider his witness statements. He doesn't contend that the hearing officer didn't review the statements, but rather that the hearing officer didn't afford them proper weight. It was the hearing officer's exclusive province to weigh the credibility of the evidence, and it's not for this court to re-weigh that evidence. McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999). Ground One doesn't serve as a basis for granting habeas corpus relief.

In Ground Two, Mr. Hawkins argues that he is entitled to habeas corpus relief because the

Department of Correction failed to comply with internal policies. The Department of Correction's failure to follow its own policy doesn't rise to the level of a constitutional violation. Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); Keller v. Donahue, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Ground Two doesn't identify a basis for granting habeas corpus relief.

In Ground Three, Mr. Hawkins argues that he is entitled to habeas corpus relief because the hearing officer didn't have enough evidence to find him guilty. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455-456 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

A prisoner violates B-212 by, "[c]ommitting a battery/assault upon another person without a weapon or inflicting bodily injury." Indiana Department of Correction, Adult Disciplinary Process, Appendix I: Offenses. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. The conduct

report charged Mr. Hawkins as follows:

> On 5-22-2017, the camera were reviewed in CCH, due to an incident that took place on 200 range of Cch. During the investigation and review of the camera system, Offender Hawkins, John 956724 was seen going down the 100 E (flag) range of CCH. He was then seen going up to another offender and start throwing punches. The two fought for a couple minutes, until offender Hawkins turned and walked away, hearing toward the front of the range. Offender Hawkins was found to have markings on him from an altercation. All the fight can be seen on the following cameras C East L-2, L-3, L-4 and U03.

The Report of Disciplinary Hearing Video Evidence Review states, "At approx. 11:15AM offender Whittington is on the 100 East range of CCH. Offender Hawkins walks [out] the front of the block and goes directly towards offender Whittingham and throws a punch which starts a more in depth fight between the two of them."

The hearing officer had sufficient evidence to find Mr. Hawkins guilty. Mr. Hawkins argues that he shouldn't have been found guilty because he was acting in self-defense, but self-defense isn't a viable defense to a prison disciplinary sanction. Jones v. Cross, 637 F.3d 841, 847 (7 Cir. 2011) (lack of specific intent and self-defense are not valid defenses to assault in the context of a prison disciplinary action). The hearing officer had sufficient evidence that Mr. Hawkins punched another prisoner, and Mr. Hawkins does not contest this claim. The hearing officer's finding of guilt wasn't arbitrary or unreasonable and Ground Three doesn't provide a basis for granting habeas corpus relief.

Mr. Hawkins doesn't need a certificate of appealability to appeal this decision, because he is challenging a prison disciplinary proceeding. See Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to

28 U.S.C. § 1915(a)(3) that an appeal in this case couldn't be taken in good faith.

For these reasons, pursuant to Section 2254 Habeas Corpus Rule 4, the court DENIES the habeas corpus petition, DIRECTS the clerk to enter judgment and close this case, and DENIES John Hawkins leave to proceed in forma pauperis on appeal.

SO ORDERED.

ENTERED: November 2 , 2017.             /s/ Robert L. Miller, Jr.
                                        Judge
                                        United States District Court